**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**HECTOR PEREZ-GARCIA,**
        Petitioner,

v.                                                           Civil Action No. **3:26CV96 (RCY)**

**MARCOS CHARLES, *et al.*,**
        Respondents.

**<u>MEMORANDUM ORDER</u>**
**(Granting 28 U.S.C. § 2241 Petition)**

Hector Perez-Garcia ("Petitioner"), a federal detainee with counsel, is a Guatemalan citizen present in the United States without admission.  He has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition" or "Petition," ECF No. 7), challenging the lawfulness of his detention by the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE").  Petitioner alleges that Respondents' application of 8 U.S.C. § 1225(b)(2) to mandate his detention violates the Immigration and Nationality Act.  Pet. at 15–16.[1]  For the reasons set forth below, the § 2241 Petition is GRANTED.  Respondents are ORDERED to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

**I.  BACKGROUND**

Petitioner is a self-described "[a]lien who entered [the United States] without admission or parole over eleven years ago."  Pet. 7.  Petitioner was not apprehended at the border, and has continuously resided in the United States since entering the country.  *Id.*  Petitioner was arrested by ICE in Culpeper, Virginia, on July 17, 2025.  *Id.* at 7, 14.  "ICE charged the Petitioner with entering without admission or parole," but did not allege that Petitioner was an "arriving alien" on

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

his Notice to Appear. *Id.* at 7. Petitioner was not placed in expedited removal proceedings, and he has been held without bond since his arrest. *Id.* at 7, 14.

On February 5, 2026, Petitioner filed his § 2241 Petition in this Court. ECF No. 1. This Court thereafter determined that the Petition was not signed by the Petitioner, as required by Rule 2 of the Rules Governing Section 2254[2] Cases, and ordered Petitioner to submit a properly compliant petition before service would be made on Respondents. ECF Nos. 3, 6. On February 27, 2026, Petitioner submitted a signed Amended Petition, ECF No. 7, and the Court accordingly ordered Respondents to submit a response, ECF No. 8. On March 26, 2026, Respondents filed their Opposition to the Petition. ECF No. 9. Petitioner did not file a reply.

On May 18, 2026, Petitioner filed a Request for Expedited Ruling on Habeas Corpus Request, noting that the factual circumstances and legal issues presented in the instant § 2241 Petition are materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 11 at 2 (citing, *inter alia*, *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179 (E.D. Va. Feb. 3, 2026)). Petitioner additionally highlighted the fact that he has remained in ICE custody, despite the Executive Office of Immigration Review having granted Petitioner's application for nonpermanent resident cancellation of removal on October 7, 2025. *Id.* Finally, Petitioner asserts various grounds for expedited relief based on familial and personal circumstances. *Id.* at 2–3.

---

[2] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

## II.  STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

## III.    ANALYSIS

The sole question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing.  Pet. at 7, 15–16. In opposition, Respondents argue that Petitioner is "defined by law as an applicant for admission," and therefore is subject to the mandatory detention provisions of 8 U.S.C. § 1225(a).  Opp'n 1, ECF No. 9.   Respondents acknowledge, however, that this Court and others have already considered and rejected all of Respondents' legal arguments asserted in support of their position, and that Respondents merely restate the arguments for preservation on appeal.  *Id.* at 2 (citing *Alvarez Munoz v Simon*, Civil Action No. 3:25CV897, ECF No. 22 (E.D. Va. Dec. 22, 2025) (Young, J.); *Ortega Miranda v. Bondi*, 3:25cv769, ECF Nos. 19-20 (E.D. Va. Feb. 3, 2026) (Novak, J.); *Romero v. Crawford*, Civil Action No. 3:25cv788, ECF Nos. 12-13 (E.D. Va. Jan. 13, 2026)  (Hudson, J.);  *Duarte Escobar v. Perry*, Civil Action No. 3:25CV758, ECF Nos. 21, 22 (E.D. Va. Oct. 27, 2025) (Lauck, J.)).

In light of Respondents' and Plaintiffs' recognition of the duplicative nature of the purely legal arguments presented here relative to those previously decided by this very Court, *see id.*; Req. for Expedited Ruling, ECF No. 11, this Court maintains and incorporates the reasoning of *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179 (E.D. Va. Feb. 3, 2026), into this Memorandum Order.  That same reasoning has been applied in several cases before courts in this district,[3] and by this very Court as well, albeit when ruling from the bench rather than in written opinions,[4] and the Court finds no cause to depart from that path now.

Petitioner has been present in the United States for over eleven years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a).  Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk.  8 U.S.C. § 1226(a); 8 C.F.R.

---

[3] *See e.g., Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Duarte Escobar v. Perry*, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025); *Perez-Gomez v. Warden*, 2025 WL 3141103 (E.D. Va. Nov. 11, 2025) (rejecting the same arguments made in *Ortega Miranda*); *Contreras-Perez v. Noem*, 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same); *Quispe-Ardiles v. Noem,* 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB) (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB) (E.D. Va. Oct. 1, 2025); *Gomez Alonzo v. Simons*, 1:25-cvl587 (LMB) (E.D. Va. Oct. 1, 2025); *Perez Bibiano v. Lyons*, l:25-cv-1590 (LMB) (E.D. Va. Oct. 2, 2025); *Ortiz Ventura v. Noem*, 1:25-cv-1429 (MSN) (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511 (MSN) (E.D. Va. Oct. 3, 2025); *Singh v. Bondi*, No. 1:25-cv-l 525 (MSN) (E.D. Va. Oct. 7, 2025); *Guerra Leon v. Noem*, l:25-cv-1634 (LMB) (E.D. Va. Oct. 8, 2025); *Maldonado Merlos v. Noem*, l:25-cv-1645 (LMB) (E.D. Va. Oct. 9, 2025); *Alfaro v. Lyons*, l:25-cvl569 (AJT) (E.D. Va. Oct. 11, 2025); *Singh* v. *Lyons*, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*, 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Hernandez* v. *Crawford*, 2025 WL 2940702 (AJT) (E.D. Va. Oct. 16, 2025); *Pineda v. Simon*, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Lapop v. Noem*, 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Ramirez Gomez v. Trump*, No. 1:25-cv-1443 (MSN) (E.D. Va. Oct. 27, 2025); *Boquin Oliva v. Noem*, No. 1:25-cv-1592 (RDA) (E.D. Va. Oct. 29, 2025); *Aguilar Lares v. Bondi*, No. 1:25-cv-1562 (LMB) (E.D. Va. Oct. 29, 2025); *Esquina Flores v. Crawford*, No. 1:25-cv-1564 (PTG) (E.D. Va. Nov. 11, 2025); *Palacios Zepeda v. Crawford*, No. 1:25-cv-1561 (PTG) (E.D. Va. Nov. 21, 2025); *Campos-Flores v. Bondi*, 2025 WL 3461551 (E.D. Va. Dec. 2, 2025); *Hugo Romero v. Crawford,* 2026 WL 94634 (E.D. Va. Jan. 13, 2026).

[4] *See Buezo Sanchez v. Hott*, No. 3:25-cv-787 (RCY), ECF No. 27 (E.D. Va. Mar. 17, 2026); *Alvarez Munoz v. Simon*, No. 3:25-cv-897 (RCY), ECF No. 18 (E.D. Va. Dec. 22, 2025)*.*

§ 1236.1(d)(1).  Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court is aware that a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026), as did an Eighth Circuit panel in *Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026).  However, a Second Circuit panel has recently concluded that § 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry.  *Da Cunha v. Freden*, __ F.4th __, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).  From among these decisions, the Court finds the Second Circuit analysis and the dissents from the Fifth and Eighth Circuits to be the more persuasive of the set.  Regardless, none of this precedent is binding on this Court, and so, in the absence of guidance from the Supreme Court or the Fourth Circuit Court of Appeals, the Court comfortably adopts and applies the analysis from *Ortega Miranda* to the facts of the present case.  And so doing, the Court concludes that Petitioner is being detained in violation of the laws of the United States.

## IV.    CONCLUSION

For the above reasons, and as more fulsomely articulated in *Ortega Miranda*, 2026 WL 287179, the § 2241 Petition (ECF No. 7) is GRANTED.  The Court hereby ORDERS that:

1.    Respondents SHALL provide Petitioner with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a), which hearing SHALL occur before and separate from any hearing on the merits of Petitioner's removal.[5]  The Immigration Court SHALL

---

[5] The Court acknowledges Petitioner's representation that Petitioner's application for nonpermanent resident cancellation of removal was granted by the EOIR in October of 2025, but notes that Respondents appear to have appealed such cancellation, and so the status of Petitioner's removal proceedings is somewhat uncertain.  Req. for Expedited Ruling ¶¶ 7, 14, ECF No. 11.

provide Petitioner with the opportunity for a bond hearing no later than seven (7) days from the date of entry of this Order.

2.    Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

3.    Respondents are ORDERED to file a status report with this Court within three (3) days after Petitioner's bond hearing and before any hearing on the merits, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reason for that denial.

4.    In the event that Petitioner is released on bond, Respondents are ENJOINED from rearresting Petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

5.    Should Petitioner be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[6]

6.    Unless a party seeks additional relief within seven (7) days from the filing of the post-bond-hearing status report, the Court will order that judgment be entered in favor of Petitioner and that this case be CLOSED.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date: May 21, 2026
Richmond, Virginia

---

[6] Courts in this District have found that "the automatic stay provision imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan*, 800 F. Supp. 3d at 661.